UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS MERWIN, JR.,

    Plaintiff,

v.

                        Case No. 1:04-CV-825

COMMISSIONER OF SOCIAL
SECURITY,                      HON. GORDON J. QUIST

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on January 25, 2006, in which the magistrate judge recommended that the Commissioner's decision denying Plaintiff's claim for disability insurance benefits be affirmed pursuant to 42 U.S.C. § 405(g).  The magistrate judge concluded that the ALJ's determination that Plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy was supported by substantial evidence.  After conducting a *de novo* review of the report and recommendation, the Court will adopt the magistrate judge's report and recommendation and affirm the Commissioner's decision denying benefits to Plaintiff

Before addressing Plaintiff's objections to the magistrate's report and recommendation, the Court first notes that this Court's local rules require that a party objecting to a magistrate's report and recommendation must "*specifically* identify the portions of . . . [the magistrate's report and recommendation] to which objections are made and the basis for such objections."  W.D. Mich. L. Civ. R. 72.3(b) (emphasis added).  The Sixth Circuit has explained that when a party files a general

1

objection to a magistrate's report and recommendation (that is, one that does not specifically identify the portions of the recommendation that the party objects to and the basis for such objections), such an objection is treated the same as if the party failed to object at all. *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 508-09 (6th Cir. 1991). The court noted that the "fundamental congressional policy underlying the Magistrate[s'] Act [is] to improve access to the federal courts and aid in the efficient administration of justice." *Id*. at 508 (quoting *United States v. Walters* 638 F.2d 947, 949 (6th Cir. 1981)). To facilitate the efficient administration of justice, the court explained, objections to a magistrate's report and recommendation must "be specific . . . to focus the busy district court's attention on only those issues that . . . [are] dispositive and contentious." *Id*. at 509. The Court noted that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Id*.

In this case, although Plaintiff recites the requirement that objections are to *specifically* identify the portions of the magistrate's recommendation that the party objects to and the basis for such objections, it is questionable whether Plaintiff's brief satisfies this requirement. Plaintiff's brief objecting to the magistrate's report and recommendation is essentially identical to the brief he presented to the magistrate in appealing the ALJ's decision. For instance, not considering superficial changes relating to paragraph structure, headings, and highlighting words in bold, the seven page long analysis section of Plaintiff's brief objecting to the magistrate's report and recommendation is identical, word for word, with the analysis section of her brief presented to the magistrate appealing from the ALJ's decision denying benefits, except for the addition of two short

2

paragraphs.[1]  Presenting the same brief to this Court as presented to the magistrate does not focus the court's attention "on any specific issues for review, thereby," effectively, "making the initial reference to the magistrate useless." *Id*.  Although the Court warns counsel that such briefs may in the future be treated as "general objections," the Court will consider the merits of Plaintiff's objections to the magistrate's report.

Plaintiff first argues, as he did before the magistrate, that the ALJ erred in failing to classify Plaintiff's gastrointestinal problems, neuropathy (numbness and swelling in his hands and feet), diabetes, and carpal tunnel syndrome, as severe impairments.  Plaintiff notes that the magistrate explained that an ALJ can consider non-severe conditions in determining a claimant's residual functional capacity.  Plaintiff asserts that although the magistrate "assumed" that the ALJ considered these impairments in determining Plaintiff's residual functional capacity, the ALJ in fact, did not consider these impairments.  This contention is without merit.  The ALJ specifically noted, for instance, that Plaintiff's gastrointestinal problem is treated with medication, that it has not been a major problem for him since July 2002, and that Plaintiff did not list it as a severe impairment when he filed his claim.  The ALJ also found that there was little medical evidence of Plaintiff's "numbness and swelling in his hands and feet."  Moreover, although Plaintiff states that he was diagnosed with diabetes, Plaintiff presented no evidence indicating how this diagnosis was vocationally limiting.  Finally, although Plaintiff complains that the ALJ did not consider Plaintiff's alleged carpal tunnel syndrome, the ALJ did limit Plaintiff to jobs requiring only occasional handling, fingering, and use of keyboards.

---

[1] The fourteen pages of Plaintiff's statement of facts are identical in both briefs, except for superficial changes.

Next, Plaintiff argues, as he did before the magistrate, that the ALJ erroneously chose not to accept as true Plaintiff's allegations regarding his symptoms and limitations. In specifically referring to the magistrate's report, Plaintiff contends that the magistrate judge incorrectly accepted the ALJs finding that Plaintiff's ability to work for years with headaches undercuts his claim that he suffers from disabling headaches. Plaintiff argues that he worked as long as he could, despite all of his medical problems, and that "it should not be held against [him that] . . . he can no longer continue . . . [his] heroic attempts at being vocationally functional." (Pl.'s Objs. Mag. J.'s R&R at 17.) Notwithstanding Plaintiff's attempts at being vocationally functional, the magistrate correctly concluded that the ALJ could properly discount Plaintiff's complaints that he suffered from disabling headaches where Plaintiff not only worked for years with the headaches, but also testified that his headaches would usually disappear by breakfast time. Moreover, the magistrate appropriately concluded that the ALJ properly discounted Plaintiff's complaints of disabling headaches where he was prescribed a CPAP machine to treat his headaches in 1997, but testified that he had not used the machine "in a long time."

Finally, Plaintiff argues that the magistrate erred in accepting the ALJ's finding that Plaintiff's complaints as to the frequency and severity of his migraine headaches was "overstated and not fully supported by the medical evidence." Plaintiff testified that he suffered from one to two migraines a month. He explained that the effects of a migraine can last up to two days. The vocational expert testified that most employers would permit an employee, on average, to miss one day per month due to illness. However, the vocational expert explained, most employers would not accept a person for employment if the person needed to miss two days of work per month. Plaintiff argues that the evidence demonstrates that Plaintiff is incapable of maintaining competitive

4

employment since the effects of his migraines would require him to miss two days of work per month.  The ALJ did not find Plaintiff credible regarding the disabling nature of his migraine headaches.  It is the responsibility of the ALJ, who has the opportunity to personally observe the claimant, to determine issues of credibility.  *See Siterlet v. Sec'y of Health and Human Servs.*, 823, F.2d 918, 929 (6th Cir. 1987).  An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence."  *Walters v. Comm'r Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Plaintiff presented no medical evidence relating to any treatment plan for his alleged migraines.  *See Tyra v. Sec'y of Health and Human Serv.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (noting that an ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict).  Even if the Court were to conclude that evidence exists in the record that would support a contrary conclusion to the one reached by the ALJ, the Court would nonetheless affirm the ALJ's conclusion that Plaintiff is not disabled for purposes of the Social Security Act, because the Court finds that substantial evidence exists in the record to support the ALJ's conclusion that Plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 25, 2005, (docket no. 13), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

The case is **concluded**.


Dated:  March 28, 2006                                 /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE